1 | EDWARD O. LEAR, State Bar No. 132699
RIZZA GONZALES, State Bar No. 268118
2 | CENTURY LAW GROUP LLP
5200 W. Century Blvd. #345
3 | Los Angeles, CA 90045
Phone (310) 642-6900
4 | Fax (310) 642-6910
5 | Attorney for Plaintiff
GERALD KISS
6
7
8

FILED

2010 DEC 27 P 2: 41

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CALIF. SAN JOSE

E-filing

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE COURTHOUSE**

GERALD KISS, an individual,

      Plaintiff,

    v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

      Defendants.

Case No.: CV 10- 0 5 8 9 2 HRL

**COMPLAINT FOR FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681) VIOLATIONS**

COMES NOW the Plaintiff, Gerald Kiss, (hereafter "Plaintiff") by counsel, and for his complaint against Defendant, alleges as follows:

**JURISDICTION AND VENUE**

1.    This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act).

**PARTIES**

2.    The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and

1

COMPLAINT

28 U.S.C. § 1367.

3.     The Plaintiff is a natural person and resident of California.  He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4.     Upon information and belief, Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereafter "Experian") is a corporation incorporated under the laws of the State of Georgia authorized to do business under the laws of the State of California through its registered offices at 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.

5.     Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6.     Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

## ALLEGATIONS COMMON TO ALL CLAIMS

### *Plaintiff's Bankruptcy*

7.     On or about December 22, 2008, Plaintiff filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for Northern District of California in the case entitled *In re Gerald John Kiss*, Bankruptcy No. 08-57447 (hereafter the "Bankruptcy").

8.     The Bankruptcy included the following relevant creditors:  Bank of America; Chase; Chevron Credit Bank N.A; GE Money Bank; GMAC; Nordstrom (hereafter collectively "Creditors").

9.     On or about June 1, 2009, the Bankruptcy Court entered an order of discharge pursuant to section 727 of title 11 of the United States Code (the Bankruptcy Code), which discharged the debts held by the Creditors.

2

10. No motion for relief from stay was ever entered in the Bankruptcy. As such, an automatic stay was in effect from the filing date, December 22, 2008, through the date the Bankruptcy Court entered the order of discharge, June 1, 2009.

*Inaccurate Reported Credit Entries*

11. In its credit report regarding Plaintiff, Experian includes entries from creditors Bank of America, Chevron Credit Bank N.A., GE Money Bank that reported Plaintiff's credit accounts as being 30 days past due and 60 days past due between December 22, 2008, and June 1, 2009, while the automatic bankruptcy stay was in effect. *See* Credit Report attached hereto as Exhibit "A", pp. 3, 5, and 6.

12. Experian includes the following erroneous information from the Creditors regarding Plaintiff's accounts, which were discharged through the Bankruptcy:

| Creditor | Acct. No. | Reported Inaccurate Information |
|---|---|---|
| Bank of America | 6501... | States that the "Debt was included in Chapter 7 Bankruptcy on August 2010" when the debt was discharged in June 2009.<br><br>*See* Exh. A at 3. |
| Bank of America | 4313... and 4888... | List the debts as being both discharged through bankruptcy in June 2009 and also charged off as of March 2009.<br><br>*Id.* at 3-4. |
| Chase | 4470... | Lists the debt as 30 days past due in January 2008; and<br>States the "Debt was included in |

COMPLAINT

| | | Chapter 7 Bankruptcy on June 02, 2009", when it had already been discharged the day prior.<br><br>*Id.* at 5 |
|---|---|---|

13.   Further, Experian lists two additional entries among "Potentially negative items or items for further review" in Plaintiff's credit report from collection agencies relating to discharged debts that these collectors acquired and reported after entry of the order of discharge.  Experian lists NCO Financial Services as holding a debt acquired on April 2010 but discharged on June 1, 2008; and Experian lists Stuart Allan & Associates as holding a debt opened in June 2009, first reported in September 2010, but discharged on June 1, 2008.

*Credit Report Dispute*

14.   In or about August of 2010, Plaintiff discovered these and other erroneous entries in his credit report, he contacted Experian and requested they verify and delete the erroneous information from his credit file.

15.   On or about September 7, 2010, Experian made some corrections but did not remove or amend any of the above-referenced errors.

16.   Upon Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the listings and representations from the Creditors that lead to the above-referenced errors in Plaintiff's credit report.

17.   In the alternative to the allegation that Experian failed to contact the Creditors, it is alleged that Experian did forward some notice of the dispute to the Creditors and failed to conduct a lawful investigation.

/ / /

4

/ / /

## FIRST CLAIM FOR RELIEF

### (Failure to Establish Proper Procedures – 15 U.S.C. § 1681e)

18.     Plaintiff realleges and incorporates paragraphs 1 through ___ above as if fully set forth herein.

19.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

20.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

21.     Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

22.     Plaintiff is entitled to recover attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF

### (Failure to Reinvestigate – 15 U.S.C. § 1681i)

23.     Plaintiff realleges and incorporates paragraphs 1 through ___ above as if fully set forth herein.

24.     Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to

5

forward relevant information to the Creditors; failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; and by relying upon verification from a source it has reason know is unreliable.

25.    As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages by loss of credit, loss of ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

26.    Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

27.    Plaintiff is entitled to recover attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severely; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

DATED:    December 24, 2010    EDWARD O. LEAR
CENTURY LAW GROUP

By:    _____
Edward O. Lear
Rizza Gonzales
Attorneys for Plaintiff
GERALD KISS

6

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of this action.

DATED:     December 24, 2010      EDWARD O. LEAR
                                  CENTURY LAW GROUP


                              By: _____
                                  Edward O. Lear
                                  Rizza Gonzales
                                  Attorneys for Plaintiff
                                  GERALD KISS

COMPLAINT