Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| GERALD KISS,<br><br>                    Plaintiff,<br><br>     v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>                    Defendants. | **Case No. C 10-05892 HRL**<br><br>**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and in answer to the Complaint, states as follows:

**JURISDICTION AND VENUE**

1.    In response to paragraph 1 of the Complaint, Experian admits that plaintiff has alleged that this is an action for actual, statutory, and punitive damages, costs, and attorneys fees brought pursuant to 15 U.S.C. §§ 1681 *et seq*.  Experian states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

2. In response to paragraph 2 of the Complaint, Experian admits that plaintiff has alleged that jurisdiction is conferred by 15 U.S.C. § 1681(p) *et seq*. Experian states that this is a legal conclusion which is not subject to denial or admission..

3. In response to paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4. In response to paragraphs 4 – 6 of the Complaint, Experian admits that it is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to do business and does conduct business in the State of California, and that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and, as such, maintains files as the term is defined in 15 U.S.C. § 1681a(g) and issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraphs 4 – 6 of the Complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS

5. In response to paragraphs 7 – 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraphs 11 – 16 of the Complaint, which refer to a missing "Exhibit 'A,'" Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. Paragraph 17 of the Complaint calls for a legal conclusion, which is not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

### (Failure to Establish Proper Procedures – 15 U.S.C. §§ 1681e)

8. As to paragraph 18 of the Complaint, Experian hereby incorporates by reference, as though fully stated herein, its responses to Paragraphs 1 through 17, inclusive.

9. Paragraphs 19 – 22 of the Complaint call for legal conclusions, which are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

### (Failure to Reinvestigate – 15 U.S.C. §§ 1681i)

10. As to paragraph 23 of the Complaint, Experian hereby incorporates by reference, as though fully stated herein, its responses to Paragraphs 1 through 22, inclusive.

11. Paragraphs 24 – 27 of the Complaint call for legal conclusions, which are not subject to denial or admission. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

## REMAINING ALLEGATIONS

The remaining paragraphs of the Complaint consist of plaintiff's Prayer for Relief as to which no response is required. Insofar as a response is required, Experian admits that plaintiff is seeking the specified relief, but denies that plaintiff is entitled to any relief from or relating to Experian.

## AFFIRMATIVE DEFENSES

Experian sets forth below its affirmative defenses. Unless otherwise stated, each affirmative defense is asserted as to all claims for relief asserted by plaintiff against Experian. By setting forth these affirmative defenses, Experian does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to plaintiff. Nor shall anything stated or unstated constitute an admission of any kind.

**FIRST AFFIRMATIVE DEFENSE**

**(FAILURE TO STATE A CLAIM)**

12. The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle plaintiff to the relief sought, or to any other relief whatsoever from Experian.

**SECOND AFFIRMATIVE DEFENSE**

**(IMMUNITY)**

13. All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

**THIRD AFFIRMATIVE DEFENSE**

**(TRUTH/ACCURACY OF INFORMATION)**

14. All claims against Experian are barred because all information Experian communicated to any third person regarding plaintiff was true.

**FOURTH AFFIRMATIVE DEFENSE**

**(INDEMNIFICATION)**

15. Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

**FIFTH AFFIRMATIVE DEFENSE**

**(FAILURE TO MITIGATE DAMAGES)**

16. Plaintiff has failed to mitigate his damages.

**SIXTH AFFIRMATIVE DEFENSE**

**(LACHES)**

17. The Complaint and each claim for relief therein is barred by laches.

**SEVENTH AFFIRMATIVE DEFENSE**

**(CONTRIBUTORY/COMPARATIVE FAULT)**

18. Experian is informed and believes and thereon alleges that any alleged damages sustained by plaintiff were, at least in part, caused by the actions of plaintiff himself and resulted from plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

**EIGHTH AFFIRMATIVE DEFENSE**

**(ESTOPPEL)**

19. Any damages which plaintiff may have suffered, which Experian denies, were the direct and proximate result of the conduct of plaintiff. Therefore, plaintiff is estopped and barred from recovery of any damages.

**NINTH AFFIRMATIVE DEFENSE**

**(STATUTE OF LIMITATIONS)**

20. All claims for relief in the Complaint herein are barred by the applicable statutes of limitation.

**TENTH AFFIRMATIVE DEFENSE**

**(UNCLEAN HANDS)**

21. The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(INTERVENING CAUSE)**

22. Plaintiff's alleged damages were not caused by Experian, but by an independent intervening cause.

**TWELFTH AFFIRMATIVE DEFENSE**

**(RIGHT TO ASSERT ADDITIONAL DEFENSES)**

23. Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Solutions, Inc. prays as follows:

(1) That plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: February 8, 2011

Respectfully submitted,

Jones Day

By: /s/ Michael Scott
    Michael T. Scott

Counsel for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

# **CERTIFICATE OF SERVICE**

I, Angela M. Howard, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 California Street, 26th Floor, San Francisco, California 94104. On February 8, 2011, I served a copy of the DEFENDANT EXPERIAN INFORMATION SOLUTION INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT by electronic transmission.

I am familiar with the United States District Court Eastern District Of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

Executed on February 8, 2011 at San Francisco, California.


*/s/ Angela M.* Howard
Angela M. Howard

SFI-659949v1